**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to case nos.: 19-cv-01785; 19-cv-01781; 19-cv-01800; 19-cv-01791; 19-cv-01803; 19-cv-01801; 19-cv-01809; 19-cv-01810; 19-cv-01812; 19-cv-01813; 19-cv-01818; 19-cv-01918; 18-cv-10129; 18-cv-09590; 18-cv-04767; 18-cv-05147; 18-cv-05150; 18-cv-05151; 18-cv-05158; 18-cv-05164; 18-cv-05180; 18-cv-05183; 18-cv-05185; 18-cv-05186; 18-cv-05188; 18-cv-05189; 18-cv-05190; 18-cv-05192; 18-cv-05193; 18-cv-05194; 18-cv-05299; 18-cv-05300; 18-cv-05305; 18-cv-05308; 18-cv-05309; 18-cv-10098; 18-cv-10099; 18-cv-09565; 18-cv-09587; 18-cv-09589; 18-cv-09650; 18-cv-09665; 18-cv-09666; 18-cv-09668; 18-cv-09669; 18-cv-10133; 18-cv-09570; 19-cv-01788; 19-cv-01783; 19-cv-01794; 19-cv-01798; 18-cv-07824; 18-cv-07827; 18-cv-07828; 18-cv-07829; 19-cv-01866; 19-cv-01867; 18-cv-04434; 19-cv-01808; 19-cv-01894; 19-cv-01895; 19-cv-01898; 19-cv-01904; 19-cv-01906; 19-cv-01911; 18-cv-04833; 19-cv-01924; 19-cv-01865; 19-cv-01930; 19-cv-01893 | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**PLAINTIFF SKATTEFORVALTNINGEN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CONFIDENTIAL DESIGNATIONS**

Plaintiff Skatteforvaltningen ("SKAT") respectfully submits this reply memorandum of law in support of its motion to strike certain of Defendants' confidential designations under the Protective Order.[1]

## REPLY

SKAT's motion should be granted because Defendants have failed to meet their burden to establish good cause for keeping the Discovery Materials at issue confidential, *i.e.*, "that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotation omitted). While the Protective Order allows a party to designate Discovery Material as confidential if that party "reasonably and in good faith believes" the material is entitled to such treatment, (Defs. Opp. 1 (quoting Protective Order ¶ 2)), such designations are not "conclusive" or "a determination by the Court that there [is] good cause for such protection." *Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98CIV8721 (LAK), 2001 WL 225040, at *1 (S.D.N.Y. Mar. 7, 2001). Rather, the Protective Order provides that any party may challenge a confidential designation, including by motion, in which case the designating party must show "good cause for the designation, and why the designation should be maintained." (Protective Order ¶ 14.)

It thus does not, as Defendants argue, fall on SKAT to provide an "explanation as to why" the Discovery Materials "should not be considered confidential pursuant to the Protective Order." (Defs. Opp. 1.) Just the opposite, as SKAT previously explained, it is Defendants' burden to explain why the Discovery Materials should be considered confidential. (SKAT Mem. 7-8.) Defendants' conclusory assertions that their designations "are clearly appropriate"

---

[1]. Capitalized terms not defined herein have the meanings ascribed to them in SKAT's Memorandum of Law in Support of its Motion to Strike Confidential Designations, ECF No. 994.

and the documents "are reasonably characterized as confidential" and "on their face properly designated," (Defs. Opp. 1, 5), fall well short of sustaining their burden to show a specific harm. *See, e.g.*, *Kelly v. Jefferies Grp., Inc.*, No. 17-CV-2432(ALC)(KNF), 2018 WL 8221524, at *2 (S.D.N.Y. Oct. 25, 2018) (internal quotation omitted) ("good cause . . . require[s] a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements").

Nor is it sufficient if the Discovery Materials include "non-public banking and trading information." (Defs. Opp. 1.) "[I]mplicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public." *Salomon Smith Barney*, 2001 WL 225040 at *3. "What is required is some showing that the disclosure of the information in question would cause some harm, either to the disclosing party or to someone else." *Id.* Defendants have made no such showing. Nor could they, given that the "banking and trading information" in the Discovery Materials relates to the Defendant pension plans formed for the purpose of defrauding SKAT, many of which were wound up years ago after the fraud was discovered, and the distribution of the proceeds from their fraudulent scheme. *Cf. id.* at *2 (there was "no showing that any of the information . . . is non-public information that is material . . . today" even if "[t]here may have been legitimate reasons for treating some of the information in the[] documents as Confidential at the time they were generated").[2]

---

2. As SKAT previously noted, some Discovery Materials that Defendants designated confidential are public information. (SKAT Mem. 2 n.2.) Further, Defendants themselves previously disclosed publicly the details of their purported trading, undermining any claim that disclosure of these Discovery Materials would cause any harm. (*See, e.g.*, Defs.' & Third Party Def.'s Mem. in Supp. of Mot. for Summary Judgment, ECF No. 799, 4-9.) And not all the Discovery Materials include "banking and trading" information, such as, for instance, certain of the Defendant pension plan's trust agreements and invoices Sanjay Shah's Cayman-entity

2

Defendants no longer argue, as they did during the parties' meet and confer process, that it would be unduly burdensome for each of them to review between a small handful and a couple hundred of the over 128,000 Discovery Materials they collectively designated confidential. (Weinstein Decl. Ex. 2; SKAT Mem. 5-7, 9.) Defendants instead attempt to sidestep their burden to show good cause by arguing that under paragraph 21 of the Protective Order SKAT "must first demonstrate" that the Discovery Materials are relevant to its English action "before" they "must endeavor the unduly burdensome task of reviewing each individual challenged document." (Defs. Opp. 2 (emphasis removed).) But paragraph 21 of the Protective Order does not impose any such obligation on SKAT. Rather, paragraph 21 allows SKAT to use Defendants' Discovery Materials in its English action, provided that before producing such Discovery Materials in that action, it reviews them "in good faith . . . for relevance" and provides ten-days' notice for any Discovery Materials designated confidential that it intends to produce, (Protective Order ¶ 21)—provisions with which SKAT complied. (SKAT Mem. 6.)

Thus, Defendants' assertion that SKAT somehow violated Paragraph 21 of the Protective Order is baseless. (Defs. Opp. 1.) Paragraph 21 says nothing about the parties' respective burdens in a dispute, such as this, over Defendants' confidential designations of documents in use in one of SKAT's Foreign Actions. It instead preserves Defendants' confidential designations by requiring SKAT to produce Discovery Material so designated pursuant to an agreement, enforceable by the foreign court, to maintain the Discovery Material as confidential, which SKAT did in producing Defendants' Discovery Material in its English action. (Protective Order ¶ 21; SKAT Mem. 6.) Only now that SKAT intends to include some

---

Ganymede issued to certain Defendants pursuant to agreements under which the Defendants agreed to pay Ganymede the lion's share of SKAT's "refund" payments.

3

of Defendants' supposedly confidential Discovery Materials, already produced and in use in its English action, in its publicly filed "trial bundle" is SKAT disputing Defendants' confidential designations of those materials. Paragraph 14, not 21, of the Protective Order governs that dispute and, in accordance with applicable law, places on Defendants the burden to show good cause for their designations. (Protective Order ¶ 14.)

Finally, there is no merit to Defendants' argument that "SKAT intends to try [them] in absentia in the U.K. action." (Defs. Opp. 1.) As Defendants note, they are not even defendants in SKAT's English action. And there is nothing "legally improper" about SKAT using documents obtained from third parties—including from Defendants, as the Protective Order specifically allows—to prove its claims against Sanjay Shah and the other defendants in that action, just as there is nothing improper about SKAT using third-party discovery to prove its claims against Defendants in this litigation.

## CONCLUSION

For the reasons set forth above and its SKAT's Memorandum of Law in Support of its Motion to Strike Confidential Designations, SKAT respectfully requests that the Court strike Defendants' designations of the Discovery Material identified on Exhibit 1 to the Weinstein Declaration as Confidential or Highly Confidential under the Protective Order.

Dated: New York, New York
January 2, 2024

        HUGHES HUBBARD & REED LLP

        By: /s/ Marc A. Weinstein
            William R. Maguire
            Marc A. Weinstein
            Neil J. Oxford
        One Battery Park Plaza
        New York, New York 10004-1482
        Telephone: (212) 837-6000
        Fax: (212) 422-4726
        bill.maguire@hugheshubbard.com
        marc.weinstein@hugheshubbard.com
        neil.oxford@hugheshubbard.com

*Counsel for Plaintiff Skatteforvaltningen (Customs and Tax Administration of the Kingdom of Denmark)*